**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TERRY LEE SMITH, | ) | NO. CV 15-2360-RGK (AS) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER DISMISSING ACTION** |
| | ) | **FOR LACK OF JURISDICTION** |
| STEVEN SUZUKI, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

On March 31, 2005, Terry Smith ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1).  Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Court need neither grant the habeas petition nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto."  Id. at § 2243; see also Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached

1  exhibits that the petitioner is not entitled to relief in the district
2  court, the judge must dismiss the petition and direct the clerk to
3  notify the petitioner.").

4

5     "[T]he petition is expected to state facts that point to a 'real
6  possibility of constitutional error.'"  Rule 4 of the Rules Governing §
7  2254 Cases in the United States District Courts, Advisory Committee
8  Notes, 1976 Adoption (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st
9  Cir. 1970)); see also Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1109
10 (9th Cir. 1996) (Schroeder, J., concurring), ("Thus the facts in a
11 habeas petition need not be so detailed as to establish *prima facie*
12 entitlement to habeas relief; they are sufficient if they suggest the
13 real possibility that constitutional error has been committed.")
14 (italics in original).  However, where the allegations in the petition
15 are vague or conclusory, palpably incredible, or patently frivolous or
16 false, courts are authorized to dismiss the petition summarily.  See
17 McFarland v. Scott, 512 U.S. 849, 856, (1994); Hendricks v. Vasquez, 908
18 F.2d 490, 491 (9th Cir. 1990).

19

20    This Court notes that this is petitioner's seventeenth lawsuit in
21 the past twelve years:  (1) CV 03-5519-RGK (FMO); (2) CV 04-3335-RGK
22 (FMO); (3) CV 04-3761-UA (FMO); (4) CV 05-1861-UA (FMO); (5) CV 06-7002-
23 RGK (FMO); (6) CV 06-7003-UA (FMO); (7) CV 07-2561-RGK (FMO); (8) CV 08-
24 0175-RGK (FMO); (9) CV 08-0343-UA (FMO); (10) CV 08-2731-RGK (FMO); (11)
25 CV 08-7103-RGK (FMO); (12) CV 09-0062-RGK (FMO); (13) CV 09-4892-RGK
26 (FMO); (14) CV 09-8300-UA (FMO);  (15) CV 09-8301-RGK (FMO); and (16) CV
27 13545-RGK (FMO).  With the exception of CV 04-3335-RGK (FMO), which was
28 dismissed for failure to exhaust, and CV 03-5519-RGK (FMO), which

1  petitioner voluntarily dismissed after being given six opportunities to
2  amend his petition, all of petitioner's cases have been summarily
3  dismissed.  The instant case is no exception.  First, large portions of
4  the current Petition are vague and unintelligible.  For example, in
5  describing the place of detention, petitioner states, "Robbery and
6  Burglar (sic)," and for place of conviction and sentence, petitioner
7  states, "misdemeanor[.]"  (Petition at 2).[1]  Further, in describing the
8  grounds he raised in a petition for review in the California Supreme
9  Court, he states:  "I Did Appeal at California For Writ of On Lind (sic)
10 Buchser Petition for Writ of Habeas  Corpus I filed A Motions Linda
11 Buchser Attorney at Law [.]"  (Id. at 3) (capitalization omitted).

12

13     Second, the Petition does not provide a narrative description of
14 petitioner's claim(s), but instead makes unintelligible, rambling
15 statements.  (See Petition at 5, 8).  For example, in Ground One,
16 petitioner asserts, "Your current M.E.P.D. is 10-17-2033" and the
17 following supporting facts:  "I need a new parole date 20015 (sic) 2019
18 Do I have 85% or 80% for my for POP 47 I have two misdemeanor E.P.R.D.
19 Back in \90 to 84\ Barglar (sic) Robbery[.]"  (Id. at 8).  In Ground
20 Two, petitioner states, "I was convicted of robbery in 1990 May 20 I
21 convicted (sic) of Burglary in which L.A. County did use ot strike me
22 out the sentencing Judge struck me out without supporting [.]"
23 (capitalization omitted).  In Ground Three, he states, "One Strike was
24 back in 1978 it was A years ago I was a Juvenile at L.P."  (Id. at 5)
25 (capitalization omitted).  In Ground Five, he states, "I was you to know

26 _____

27     [1]  For ease of reference and because the page numbers on the form
   petition have not been filed sequentially, all citations are to the
28 Court's electronic docket.

3

that Lillie Grant gave a false statement to the Court[.]"  It appears
that, even accepting the allegations as true, petitioner can prove no
set of facts that would entitle him to relief or otherwise state a
cognizable habeas claim.  The Petition is unintelligible and vague and
does not contain any allegation that petitioner is in state custody
pursuant to an adjudication that was contrary to, or involved an
unreasonable application of, clearly established federal law or is in
custody in violation of the laws of the Constitution or laws or treaties
of the United States.  See McFarland, 512 U.S. at 856 ("Federal courts
are authorized to dismiss summarily any habeas petition that appears
legally insufficient on its face[.]"); Shaffer v. Duncan, 2001 WL
263237, at *2 (N.D. Cal. 2001) (finding that habeas petition "provides
insufficient information to state a cognizable claim" because "[l]arge
portions of text are simply unintelligible[]"); In re Hunter, 1995 WL
261459, at *2-3 (N.D. Cal. 1995) (dismissing habeas petition because it
is "a dense and impenetrable mass of verbiage[,]" and dismissing civil
rights complaint that "combines nonsensical legalistic language with
unintelligible rambling complaints").

        Third, to the extent that petitioner is challenging his lack of a
parole date, (see Petition at 8 ("I need A New Parole Date"), the
assertion is patently frivolous.  "Inmates serving life sentences become
eligible for parole hearings automatically, one year prior to their
minimum eligible parole date[.]"  Cal. Dep't of Corr. & Rehab., Lifer
Parole Process, http://www.cdcr.ca.gov (italics in original).
Petitioner was sentenced in 2001 to an indefinite term of 35 years to
life. (See Terry Lee Smith v. M. Yarborough, Warden, No. CV 04-3335 RGK
(FMO), Report and Recommendation of United States Magistrate Judge,

filed on September 22, 2005, at 2; see also Petition at 2).   Thus, petitioner is not eligible for his first parole hearing until some time in 2035.


    Finally, to the extent that the allegations in the Petition may state a civil rights claim, the Court has considered whether to ignore the mislabeling and construe this action as a civil rights action brought pursuant to 42 U.S.C. § 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam), superseded by statute on other grounds as recognized by Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378 (2006); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974).  However, petitioner's allegations are insufficient to state a claim for violation of his federal civil rights.  (See Petition at 5, 8).  Moreover, petitioner failed to submit a fully completed Declaration in Support of Request to Proceed In Forma Pauperis, and a Certificate of Funds in Prisoner's Account that is signed by an authorized officer, which are required in order to file a complaint in a civil action without prepayment of fees.  See 28 U.S.C. §§ 1915(a)(1)-(2).


    Under the circumstances, the Court is persuaded that the jurisdictional requisite for a § 2254 petition has not been met here. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979, as amended June 29, 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks and citation omitted).

5

1    Based on the foregoing, IT IS ORDERED THAT the case shall be
2  summarily dismissed without prejudice for lack of jurisdiction. See
3  Rule 4 of the Rules Governing § 2254 Cases in the United States District
4  Courts; Local Rule 72-3.2.

5

6  DATED: April 15, 2015

7

8                                    _____
9                                        R. GARY KLAUSNER
                                     UNITED STATES DISTRICT JUDGE

6